Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed May 20, 2003

No. 97-1097

ATLANTIC CITY ELECTRIC COMPANY, ET AL.,
PETITIONERS

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

DUQUESNE LIGHT COMPANY, ET AL.,
INTERVENORS

Consolidated with
00-1459, 00-1460, 00-1503

On Petitioners' Petition to Enforce Mandate

Before: GINSBURG, *Chief Judge*, EDWARDS and SENTELLE, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

Per curiam: We issued an opinion in the matter on July 12, 2002, granting the original petitions for review and vacating portions of the underlying orders of the Federal Energy Regulatory Commission ("FERC" or "Respondent") as beyond the jurisdiction of the Commission. The matter returns to us now on a petition by Atlantic City Electric and several other utilities[1] (collectively "Petitioners") seeking to enforce the mandate and arguing the FERC's proceedings on remand are in violation of our prior order, and remain beyond the jurisdiction of the Commission. Because Petitioner is correct in its assertion, and because FERC has not complied with the previous mandate of this court, or confined its orders to the limits of its jurisdiction, we grant the petition and order the enforcement of our prior mandate.

I.  Background

While we will not rehash the entire course of proceedings to date in this controversy as it is set forth in *Atlantic City Elec. Co. v. FERC*, 295 F.3d 1 (D.C. Cir. 2002), we make brief reference in order to render the present opinion understandable. In the FERC orders originally under review, the Commission approved the restructuring of power pool arrangements in the MidAtlantic Region by the creation of an Independent System Operator ("ISO") administering access to electric transmissions systems. In the approval of the reorganization, FERC required, *inter alia*, that Petitioners, owners of transmission assets entering into the agreement for the ISO, give up their rights to file changes in tariff rates, terms, and conditions, as provided under § 205 of the Federal Power Act ("the Act"), 16 U.S.C. § 824d(d) (1994). The order further required the utilities to modify their ISO agreement to forbid any owner from withdrawing from the ISO without prior FERC approval, pursuant to § 204 of the Act, 16 U.S.C. § 824b (1994). The affected utilities petitioned this court for relief arguing that the conditions were beyond FERC's statu-

---

[1] Other utilities have petitioned for leave to intervene or, in one case, to participate as amicus. Perceiving no prejudice to anyone by their joinder and a real interest according them standing in the cause, we are hereby allowing those motions.

tory jurisdiction. We agreed, granted the petitions for review, and vacated the portions of the FERC orders imposing conditions beyond FERC's statutory authority. *See Atlantic City Elec. Co.*, at 15 (denying review and ordering partial vacation). *Atlantic City Elec. Co.*, 76 F.E.R.C. ¶ 61,306 (1996), *reh'g denied as moot*, 77 F.E.R.C. ¶ 61,298 (1996); *Pennsylvania-New Jersey-Maryland Interconnection*, 81 F.E.R.C. ¶ 61,257 (1997), *order denying reh'g*, 92 F.E.R.C. ¶ 61,282 (2000); and *Potomac Elec. Power Co.*, 83 F.E.R.C. ¶ 61,162 (1998), *order denying reh'g*, 93 F.E.R.C. ¶ 61,111 (2000). We vacated a portion of the administrative orders and we remanded the matter to the Commission for further proceedings consistent with our opinion.

After our remand, the Commission entered its order on remand, December 19, 2002, *Pennsylvania-New Jersey-Maryland Interconnection*, 101 F.E.R.C. ¶ 61,318 (Dec. 19, 2002). While complying with another aspect of our prior decision not before us in the current petition to enforce the mandate, FERC determined to "revisit the prospective balance of § 205 rights and responsibilities" implicated in our opinion mandating the vacation of FERC's prior order and reinstated the vacated requirement. FERC further declared that it "continue[d] to conclude . . . that the withdrawal of a transmission owner from the ISO . . . necessitat[ed] the Commission's prior review under section 203 of the FPA." *Id.* at ¶ 3. Appealing to this Court's power to "correct any misconception of its mandate by a[n] . . . administrative agency subject to its authority[,]" *Office of Consumer's Council v. FERC*, 826 F.2d 1136, 1140 (D.C. Cir. 1987), Petitioners pray that we direct FERC to vacate those aspects of the remand order inconsistent with our original mandate. Because Petitioners are entirely correct, we grant that petition and so order.

II. Analysis

As noted above, this Court has the power to enforce its mandates, including the power to "correct any misconception of its mandate by a[n] . . . administrative agency subject to its authority." *Id.* The Federal Energy Regulatory Commission is subject to our authority. *See* 16 U.S.C. § 825*l*(b)

(1994). Pursuant to that authority, we entered the prior mandate. In the opinions supporting that prior mandate, we held that FERC did not have jurisdiction to "require the utility petitioners to cede rights expressly given to them in § 205[.]" *Atlantic City*, 295 F.3d at 9. We therefore ruled that the portions of FERC's prior order requiring the utility petitioners "to give up all authority to make unilateral changes to rate design," *id.*, was beyond FERC's jurisdiction. Accordingly, we ordered the portion of FERC's prior order improperly exercising jurisdiction it did not have, vacated. We remanded the case. On remand, FERC stated that it "continue[d] to believe that its original decision was correct." 101 F.E.R.C. ¶ 61,318 at ¶ 28. Therefore, rather than simply vacating the offending portions of its prior order, as we had ordered, FERC commanded the utilities comprising the ISO to relitigate before it the very issues upon which they had theretofore prevailed before this court. *Id.* at ¶ 37.

In its response to Petitioner's application to this Court to vacate the offending portion of the new order, FERC contends that it was able to reconsider and reinstate the original result because we have in the past upheld its authority to provide further explanation on remand, supporting the original result. It is true, that we have allowed additional reasoning on remand, *see, e.g.*, *Southeastern Michigan Gas Co. v. FERC*, 133 F.3d 34 (D.C. Cir. 1998); *Radio Television S.A. de C.V. v. FCC*, 130 F.3d 1078, 1083 (D.C. Cir. 1997). But in those cases where we have allowed that to occur, we had remanded the proceedings for further explanation. In this case, by contrast, we expressly held that FERC simply lacked jurisdiction under the statute to make the order it had purported to enter in the original proceeding. In its brief to this Court, FERC attempts to bring itself within the ambit of *Southeastern Michigan* and *Radio Television* by arguing that in our prior opinion we noted in the conclusion paragraph that FERC had not "point[ed] to" any statute "authorizing its requirement that the utility petitioners cede their statutory rights under § 205 . . . to file changes in rate design with the Commission." FERC argues that this language invited it to point to further authority. Not so.

FERC's approach does worse than take a sentence out of context–it takes an element of a sentence out of context. What we in fact said in our conclusion was: "FERC *can* point to no statute authorizing its requirement that the utility petitioners cede their statutory rights under section 205 of the Federal Power Act to file changes in rate design with the Commission." 295 F.3d at 15. The holding of our opinion was plain. We clearly stated that "[w]hile an ISO may have certain section 205 rights, there is simply no denying the utility petitioners' section 205 rights." *Id*. at 11. In an opinion relying upon the clear words of the statute, we held that FERC cannot deny "the petitioners their rights provided for by a statute enacted by both houses of Congress and signed into law by the [p]resident." *Id.* Lest there be any doubt, we so hold once more. When FERC attempts to deprive the utilities of their rights "to initiate rate design changes with respect to services provided by their own assets[,]" *id.* at 10, FERC has exceeded its jurisdiction. We hereby qualify and order the enforcement of our mandate. FERC is to vacate the portions of its opinion on rehearing which are inconsistent with our construction of its jurisdiction.

Likewise, FERC's refusal to comply with the prior mandate of this Court concerning the right of the utilities to withdraw from the ISO pursuant to § 203 of the FPA is equally invalid. Again, we held in our prior decision that FERC's order exceeded its statutory jurisdiction. That section empowers FERC to act only upon "the disposition of the facilities themselves." 295 F.3d at 13. We held that "[n]o 'disposition' within the meaning of section 203 is contemplated by the ISO agreements, and *thus FERC has no jurisdiction to require preapproval under that provision*." *Id*. (emphasis added). On remand, FERC reconsidered and concluded that it still believed it was correct the first time. If FERC thinks we are wrong, then like any other litigant, it may petition for *certiorari* to the Supreme Court of the United States. Absent such a petition and the issuance of *certiorari*, in an order by the Supreme Court, FERC is bound by our decision. Lest we have left any ambiguity, we hereby mandate that FERC

vacate and not reinstate the portions of its order requiring preapproval of the Commission for withdrawal from the ISO.

## CONCLUSION

For the reasons stated above, we reaffirm and clarify our prior decision that FERC has no jurisdiction to enter limitations requiring utilities to surrender their rights under § 205 of the FPA to make filings to initiate rate changes. We further reiterate that the Commission has no jurisdiction to enter the portion of its order on remand requiring approval under § 203 of the Act before a public utility can withdraw from an ISO. FERC must not re-enter the orders exceeding its jurisdiction. In short, the petition to enforce the mandate is allowed.

*So ordered.*